**John E. Bastien, Appellee, v. Ford Motor Company, and Chicago City Railway Company, on appeal of Ford Motor Company, Appellant.**

**Gen. No. 19,758.  (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding. Heard in this court at the March term, 1914. Reversed with finding of fact. Opinion filed November 9, 1914.

## Statement of the Case.

Plaintiff was the owner of a Ford automobile, which he had used a year. The Ford Company had in Chicago a shop where it repaired automobiles. In this

shop one Walters was employed as mechanic "to overhaul motors." On the day of the accident plaintiff telephoned the Ford Company, asking: "Can I bring my car down to locate a rattle?" and was told that he could. The same afternoon he took his car to the Ford shop, was introduced to Walters and told by Nicollett, who was in charge of the shop: "Here is a good man to take out and locate the rattle." Walters had quit work for the day and was about to go home. He lived three miles south of the Ford shop and plaintiff lived several blocks farther south. Walters got into the car with plaintiff, who drove it south to Twenty-third street. There, on the suggestion of plaintiff, he and Walters changed seats, Walters taking the steering wheel and plaintiff sitting by his side. At Thirty-second street plaintiff told Walters to turn into Thirty-second street. Walters did so, proceeded east to Indiana avenue, and there the car was struck by a Chicago City railway car and plaintiff sustained the injuries complained of.

Plaintiff had judgment against both defendants for fifteen hundred dollars. To reverse the judgment, the Ford Motor Company appeals.

A separate appeal was taken from the judgment by the Chicago City Railway Company. For the opinion of the Appellate Court rendered on that appeal see *post*, p. 369.

DEFREES, BUCKINGHAM & EATON, for appellant Ford Motor Company; MARQUIS EATON and DON K. JONES, of counsel.

WATSON J. FERRY, for appellant Chicago City Railway Company; LEONARD A. BUSBY, WARNER H. ROBINSON and B. F. RICHOLSON, of counsel.

CHARLES C. SPENCER and E. W. AUSTIN, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 2*—*when negligence of driver of automobile not imputable to his employer.* Where a person took his automobile to an automobile company to have a "rattle" in the car located and an employee of the company got in the car and rode with the owner and later, at the suggestion of the owner, the employee drove the machine until it collided with a street car and the owner was injured, *held* that the negligence of the employee, if any, in driving the car could not be imputed to the automobile company so as to make it liable to the owner for his injuries, it appearing that the owner was directing the employee where to drive the machine, that the company had no authority to control the employee in driving it and that the company had not assumed the service of driving or operating it.

2. NEGLIGENCE, § 104*—*rule as to imputed negligence.* In order that the negligence of one person may be imputed to another, they must stand in such relation of privity that the maxim *qui facit per alium, facit per se* directly applies.

John E. Bastien, Appellee, v. Chicago City Railway Company, and Ford Motor Company, on appeal of Chicago City Railway Company, Appellant.

### Gen. No. 19,809. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding. Heard in this court at the March term, 1914. Reversed with finding of fact. Opinion filed November 9, 1914.

## Statement of the Case.

Action by John E. Bastien against Ford Motor Company, and Chicago City Railway Company to recover for personal injuries sustained by plaintiff in a collision between his automobile, which was being driven by a servant of the Ford Motor Company, and a street car of the defendant railway company.

Each count of the amended declaration alleged that the Railway Company so negligently ran its street car

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.